IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SHAWN WHITESIDE,<br><br>   Plaintiff,<br><br>   v.<br><br>PCC AIRFOILS, LLC; and DANIEL STAPLES, individually,<br><br>   Defendants. | CIVIL ACTION NO.: 5:21-cv-62 |

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Consent Protective Order and Confidentiality Agreement.  Doc. 19.  Having fully considered the parties' Motion and for good cause shown, the Court **GRANTS** the parties' Motion, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

**I.** Either party may designate any document containing confidential information related to business operations, finances, employees, or medical condition or treatment as "confidential records" at the time the records are produced. Notwithstanding, nothing may be designated "confidential" unless it is information which the producing party in good faith deems to be "confidential records." Any records so designated are subject to this Protective Order and Confidentiality Agreement ("Order"). If a party does not designate a document as a "confidential record" at the time it is produced but subsequently notifies the other party the document is a "confidential record," the designated documents shall be subject to this Order at the time of notification. If a party designates portions of a deposition taken in this case as confidential, then the transcript of that portion of the deposition shall be treated as a "confidential record." Any party may challenge any other party's designation of documents or testimony as confidential by presenting the issue to the Court for resolution.

**II.** Notwithstanding the above, disputes concerning the confidential nature of such materials, after the parties confer, shall be resolved by the Court upon motion and it will be the burden of the party seeking protected status to move for a Court order designating the materials as confidential. If any party believes that any information or documents have been inappropriately designated by another party or witness as subject to this Order, the party shall, in writing, inform counsel for the party claiming the protected status. The party seeking protected status under this Order shall have 20 working days after receipt of the notice to file an appropriate motion before this Court, to be heard in chambers, and the burden shall be on the moving party to prove the necessity of inclusion within this Order. No party shall withhold the production of documents or redact information therein on the basis of confidentiality, as the purpose of this Order is to protect that information.

**III.**     The "confidential records" may be used solely for the purpose of this litigation and for no other purpose.

**IV.**     The "confidential records" will be retained in the office of counsel except that counsel may remove the documents from the office for the time necessary for:

    **A.**     Examination by experts or witnesses in this case who may testify about information in the confidential records;

    **B.**     For use at trial or deposition; and

    **C.**     For use as exhibits to any motion or brief filed with the Court or other Court filing.

Copying of the "confidential records" will be strictly limited to copying for the above purposes.

**V.**     The parties shall not disclose the contents of the "confidential records" except as permitted by this Order.  The parties shall allow individuals to view the "confidential records" only to the extent necessary to pursue the claims and defenses in this matter.  Such individuals are limited to the parties' attorneys, including in-house attorneys for Defendants, members of the attorneys' firm involved in this litigation, stenographers, reporters, witnesses, experts, mediators, and Court personnel involved in this matter.  However, the parties may also designate confidential documents as "Attorneys Eyes Only."  Any such documents are to be viewed only by the parties' attorneys.  All persons having access to the "confidential records" shall be advised the "confidential records" are subject to a Protective Order and shall agree to be bound thereto.

**VI.**     Nothing contained in this Order shall prevent the use of the "confidential records" or any part thereof at trial or in conjunction with a Court filing or deposition, with the following safeguards:

      **A.**      If used at deposition, the deponent and the reporter will be informed of the Protective Order and be advised that pursuant to this protective order, he or she may not divulge any confidential information except as necessary in providing testimony or services in this litigation.

      **B.**      Use of any "confidential records" by an opposing party or that party's counsel pursuant to the terms of this Order in conjunction with any court filing shall be governed by the applicable federal and local court rules. The parties must abide by Local Rule 79.7 if they wish to file any document under seal.

      **C.**      Notwithstanding the above, the provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of confidential material (or references to that material) as evidence at trial or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect confidential material.

Within 60 days of the final determination of this action, including all appeals, counsel for the parties shall either destroy or return all "confidential records" produced during the course of litigation, as well as any photocopies of the "confidential records" that counsel for the parties may have made. The 60-day period shall begin to run after the expiration of any period for appeal or further appeal.

**VII.**      The inadvertent production of any document or other information during discovery in this action shall be governed by Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502 and shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work-product doctrine, and no party shall be held to have waived any rights by

such inadvertent production. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

**VIII.** The terms of this Order are applicable to information produced by a non-party to this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided in this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**IX.** The parties may seek a modification of this Order from the Court for good cause.

**X.** The Order applies only to the use of "confidential records" during proceedings in this matter.

**SO ORDERED**, this 16th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA